The Honorable Tim Wooldridge State Senator P.O. Box 339 Paragould, Arkansas 72451
Dear Senator Wooldridge:
I am writing in response to your request for an opinion on the following question:
 Pursuant to A.C.A. § 6-13-1011(a) personnel of education service cooperatives shall be employed in accordance with laws, rules, regulations, and procedures applicable to the school districts of this state. Also, pursuant to A.C.A. § 6-13-1011(c) termination or contract nonrenewal of education service cooperative personnel shall be as provided by law for the school district personnel. Moreover, pursuant to A.C.A. § 6-13-619(2) regular meetings of the school board and school board committees that deal with personnel or personnel policies, shall, except in emergency situations, be held after 5:00 p.m. Therefore, must all decisions on hiring, firing, renewal and/or nonrenewal of education service cooperative personnel contracts be conducted in meetings held after 5:00 p.m.?
RESPONSE
It is my opinion that the answer to your question is "no."
The pertinent portion of A.C.A. § 6-13-619, governing the meetings of local school boards of directors, provides as follows:
 (a)(1) The board of directors shall hold regular monthly meetings during the school term and shall meet on call of the president or secretary or any three (3) members of the board or when petitioned to do so by a petition in writing signed by fifty (50) electors in the district.
 (2) Regular meetings of the school board and all school board committees, and special meetings of the school board and school board committees that deal with personnel or personnel policies, shall, except in emergency situations, be held after 5:00 p.m.
Section 6-13-1011, which applies to education service cooperatives, provides as follows:
 (a) Personnel of education service cooperatives shall be employed in accordance with laws, rules, regulations, and procedures applicable to the school districts of this state.
 (b) Certificate requirements shall be the same as those expected of persons holding similar positions in local school districts.
 (c) Termination or contract nonrenewal of education service cooperative personnel shall be as provided by law for the school district personnel.
Your question is whether § 6-13-1011 above, renders applicable the procedural requirements for school board meetings contained in A.C.A. §6-13-619(a). In my opinion the answer is "no."
I addressed an analogous question in Op. Att'y. Gen. 99-100. At issue there was whether the right of fifty electors to petition and require a meeting of a school board under A.C.A. § 6-13-619(a) also applied, by virtue of A.C.A. § 6-13-1011, to education service cooperatives. I answered in the negative, stating:
 It is my opinion that the provisions of Act 1347 of 1995 [A.C.A. § 6-13-619] do not apply to the boards of education service cooperatives. Accordingly, it is my opinion that the cooperative's board of directors cannot be forced to meet when petitioned to do so by a petition in writing signed by 50 electors, as can a school district's board of directors.
* * *
 Although, as noted previously . . . the employment and termination of education service cooperative personnel is to be subject to the laws and procedures that are applicable to certified public school personnel, see A.C.A. § 6-13-1011, it is my opinion that this requirement is limited to the employment and termination provisions that are specifically directed at school district personnel, and does not extend to the general procedural requirements for school district boards of directors.
 This conclusion is evident from the fact that specific statutes are in place to govern the meeting requirements for the boards of education service cooperatives. Under the Education Service Cooperative Act, cooperative boards are specifically required to meet at least eight times per year. See A.C.A. § 6-13-1006. Because the legislature saw fit to create a meeting requirement for cooperative boards, I must conclude that it did not intend that such boards be subject to further meeting requirements. In this regard, it should be noted that the Education Service Cooperative Act does not create specific requirements for the employment and termination of personnel, but instead relies on the applicability of other laws. This is not the case with regard to cooperative board meeting requirements.
Opinion 99-100 at 7-8.
I believe the above analysis is applicable to your question as well. Section 6-13-1006 of the Arkansas Code requires education service cooperatives to meet "except as provided in § 6-13-1007, at least eight (8) times each year. . . ." Section 6-13-1007 provides, in the event an "executive committee" of the cooperative board is appointed, that the committee "shall meet at least nine (9) times per year, and the requirements for [cooperative] board of directors meetings shall be reduced to (3) times annually." A.C.A. § 6-13-1007(d). Obviously, these requirements are not consistent with the mandate in A.C.A. §6-13-619(a)(1) for "regular monthly meetings" of a school board of directors. Nor are they consistent with the remaining requirements of A.C.A. § 6-13-619(a)(1).
In addition, it should be noted that A.C.A. § 6-13-1011, which links the employment of cooperative personnel to laws, rules, regulations and procedures applicable to school districts, was passed in 1985. See Acts 1985, No. 349, § 17. The law requiring certain school district board and committee meetings to be held after 5:00 p.m. was added to AC.A. §6-13-619 in 1993. See Acts 1993, No. 608. I cannot conclude, therefore, that the legislature had the "after 5:00 p.m." requirement in mind when it adopted A.C.A. § 6-13-1011.
In my opinion, therefore, the answer to your question is "no."
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh